JAMES E. GANZER (#99293)
GANZER & WILLIAMS
1617 St. Mark's Plaza, Suite A
Post Office Box 7683
Stockton, California 95267
Telephone: (209) 476-1661

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br>Plaintiffs, <br><br>vs. <br><br>NEIL JACKSON CONSTRUCTION, a California company, formerly known as KM JACKSON ENGINEEERING, a California company, et al., <br><br>Defendants. | Case No. C 07 2842 BZ <br><br>DEFENDANTS NEIL JACKSON CONSTRUCTION AND NEIL JEFFREY JACKSON'S ANSWER TO COMPLAINT |

Defendants Neil Jackson Construction and Neil Jeffrey Jackson, for their answer to the complaint of the Board of Trustees of the Cement Masons Health and Welfare Trust Fund for Northern California, etc., admit, deny, and allege as follows:

1. Admit.

2. Admit.

3. Admit.

4. Deny. Lack of sufficient information or belief.

5. Deny. Lack of sufficient information or belief.

Answer

6. Deny. Lack of sufficient information or belief.

7. Answering paragraph 7, defendants deny that Neil Jackson Construction was formerly known as KM Jackson Engineering. Also, Defendants deny based upon lack of sufficient information or belief that defendants constitute a single employer. Defendants admit the remaining allegations of paragraph 7.

8. Defendants reallege and incorporate by reference their responses to paragraph 1-7.

9. Admit.

10. Admit.

11. Admit.

12. Deny. Lack of sufficient information or belief.

13. Admit that defendants did not pay all amounts due and owing for employee fringe benefit contributions. Deny the amounts due pending defendants' accounting of the contributions due.

14. Deny the amounts due pending defendants' accounting of the contributions due.

15. Admit.

16. Defendants reallege and incorporate by reference their responses to paragraphs 1-15.

17. Deny. Lack of sufficient information or belief.

18. Deny the amounts due pending defendants' accounting of the contributions due.

19. Deny the amounts due pending defendants' accounting of the contributions due.

20. Admit.

21. Defendants reallege and incorporate by reference their responses to paragraphs 1-20.

22. Deny. Lack of sufficient information or belief.

23. Deny that Neil Jackson exercised authority or control over the payment of employee fringe benefit contributions due to the fact that defendants had no control over payment of

Answer

accounts receivable owing them by account debtors.

24. Deny that Neil Jackson's role in not paying employee fringe benefit contributions constituted a breach of his fiduciary duties. Deny the amount of the contributions due pending defendants' accounting of the contributions due.

25. Deny. Lack of sufficient information or belief.

26. Defendants reallege and incorporate by reference their responses to paragraphs 1-26.

27. Neil Jackson is in the process of meeting with the trust funds to resolve the amounts due.

28. Deny. Lack of sufficient information or belief.

29. Neil Jackson is in the process of meeting with the trust funds to resolve the amounts due.

**DEFENSES**

30. Neil Jackson did not commit fraud or defalcation while acting in a fiduciary capacity.

WHEREFORE, defendants pray for judgment as the court may deem necessary and advisable.

DATED: August 9, 2007                    JAMES E. GANZER
                                         GANZER & WILLIAMS


                                         By: /s/ JAMES E. GANZER
                                             Attorneys for Defendants

J64:neiljackson1.cement.answer

Answer