Ronald L. Richman, SBN 139189
Joye Blanscett, SBN 191242
Bullivant Houser Bailey PC
601 California Street, Suite 1800
San Francisco, CA 94108
e-mail: ron.richman@bullivant.com
e-mail: joye.blanscett@bullivant.com
Telephone:  (415) 352-2700
Facsimile:  (415) 352-2701

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE CEMENT MASONS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> vs. <br><br> NEIL JACKSON CONSTRUCTION, a California company, formerly known as KM JACKSON ENGINEERING, a California company; and NEIL JEFFERY JACKSON, an Individual, <br><br> Defendants. | Case No.: C 07 2842 BZ <br><br> **JOINT CASE MANAGEMENT STATEMENT; PROPOSED ORDER** <br><br> Date:     September 24, 2007 <br> Time:    4:00 p.m. <br> Ctroom: G, 15th Floor |
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING | Case No.:  C 07 2843 BZ |

6086431.1

-1-

Joint Case Management Statement; Proposed Order

| | |
|---|---|
| | TRUST FUND FOR NORTHERN CALIFORNIA, |
| | Plaintiffs, |
| | vs. |
| | NEIL JACKSON CONSTRUCTION, a California company, formerly known as KM JACKSON ENGINEERING, a California company; and NEIL JEFFERY JACKSON, an Individual, |
| | Defendants. |

Plaintiffs Board of Trustees of The Cement Masons Health and Welfare Trust Fund for Northern California; Board of Trustees of The Cement Masons Vacation-Holiday Trust Fund for Northern California; Board of Trustees of The Cement Masons Pension Trust Fund for Northern California; and Board of Trustees of The Cement Masons Training Trust Fund for Northern California, ("Cement Masons Trust Funds") and Defendants Neil Jackson Construction and Neil Jeffery Jackson met and conferred as required by Fed. R. Civ. P. 26(f) and submit the following Joint Scheduling Conference Statement.

### DESCRIPTION OF THE CASE

1. Brief description of the events underlying the action:

Plaintiffs allege that the Cement Masons' Master Agreement requires that employers make contributions to the Cement Masons Trust Funds based on the hours that their respective employees worked as laborers. Employers are to pay the employee fringe benefit contributions on or before the 25th day of the month immediately succeeding the month in which the employee's work was performed. Plaintiffs Cement Masons Trust Funds allege that Defendants failed to pay all contributions due and owing for all hours worked by their covered employees.

Defendants deny Plaintiffs' allegations.

2. <u>The principle factual issues which the parties dispute:</u>

1. Whether defendant Neil Jeffery Jackson exercised authority or control over the payment of the employee fringe benefit contributions required to be made to the Cement Masons Trust Funds by Neil Jackson Construction such that defendant Neil Jeffery Jackson is a fiduciary as defined by ERISA.

2. Whether Defendants failed to timely pay all contributions owed to the Cement Masons Trust Funds as required by the applicable collective bargaining agreement.

3. Whether Defendants failed to report and pay all contributions owed to the Cement Masons Funds as required by the applicable collective bargaining agreement.

4. Whether Defendants failed to pay all contributions owed to the Cement Masons Trust Funds as reported by Defendants and as required by the applicable collective bargaining agreement.

5. The amount of fringe benefit contributions unpaid and owing, if any, to the Cement Masons Trust Funds by Defendants.

6. The amount of any liquidated damages and interest owing, if any, to the Cement Masons Trust Funds by Defendants.

3. <u>The principle legal issues which the parties dispute:</u>

1. Plaintiffs Cement Masons Trust Funds contend that in addition to the underlying delinquent fringe benefit contributions, Plaintiffs are entitled to liquidated damages and interest, attorneys' fees and an order compelling Defendants to submit to a further audit under ERISA, Section 502(g)(2), 29 U.S.C. § 1132(g)(2) which provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of –

    i. interest on the unpaid contributions, or

    ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such percentage as

>may be permitted under federal or state law) of the amount
>determined by the court under subparagraph (A).

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

>For purposes of this paragraph, interest on unpaid contributions
>shall be determined by using the rate provided under the plan, or, if
>none, the rate prescribed under § 6621 of the Internal Revenue
>Code of 1954.

2. Plaintiffs further allege that defendant Neil Jeffery Jackson exercised authority or control over the payment of the employee fringe benefit contributions required to be made to the Cement Masons Trust Funds by Neil Jackson Construction, that defendant Neil Jeffery Jackson is a fiduciary as defined by ERISA Section 3(21), 29 U.S.C. § 1002(21) and is therefore also a party in interest as defined by ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A), that defendant Neil Jeffery Jackson's role in Neil Jackson Construction's failure to make the employee fringe benefit contributions that became due to the Trust Funds constituted a breach of his fiduciary duties and that therefore, Plaintiffs are authorized to seek relief against Neil Jeffery Jackson for this breach under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2).

3. Defendant Neil Jeffery Jackson denies the forgoing allegations of the Plaintiffs.

4. <u>The other factual issues which remain unresolved for the reasons stated below and how the parties propose to resolve those issues:</u>

None.

5. <u>The parties that have not been served and their reasons:</u>

None.

6. <u>The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:</u>

None.

7. <u>The following parties consent to assignment of this case to a United States Magistrate Judge for court trial:</u> Plaintiffs and Defendants

**ALTERNATIVE DISPUTE RESOLUTION**

8. The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by \_\_\_\_\_N/A\_\_\_\_\_.

The parties have filed a Stipulation and Proposed Order Selecting an ADR process:

\_\_\_\_\_Mediation

The parties filed a Notice of Need for ADR Phone Conference the phone conference was held on or is scheduled for \_\_\_\_\_N/A\_\_\_\_\_.

The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is \_\_\_\_\_N/A\_\_\_\_\_.

9. Please indicate any other information regarding ADR process or deadline.

The parties are engage in informal settlement talks and may resolve this matter prior to ADR.

**DISCLOSURE**

10. The parties certify that they have made the following disclosures:

The parties have not made any formal disclosures as of this date but agree to make said disclosures by October 1, 2007 or as required by the Court.

**DISCOVERY**

The parties agree to discovery in compliance and with the limitations set forth in the Federal Rules of Civil Procedure.

| | |
|---|---|
| Completion of All Discovery: | April 18, 2008 |
| Deadline for the hearing of Dispositive motions (with standard 35-day notice): | May 23, 2008 |
| Completion of non-expert Discovery: | March 14, 2008 |
| Disclosure of Expert Witnesses: | March 14, 2008 |

**TRIAL SCHEDULE**

11. <u>The parties request a trial date as follows:</u>

July 2008

12. <u>The parties expect that the trial will last for the following number of days:</u>

1-2 days

DATED: September 19, 2007

           BULLIVANT HOUSER BAILEY PC


By    /s/   
   Joye Blanscett

Attorneys for Plaintiffs Trust Funds


DATED: September 19, 2007

           GANZER & WILLIAMS


By    /s/   
   James E. Ganzer
   Attorney for Defendants

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

By          
   HON. BERNARD ZIMMERMAN
   UNITED STATES MAGISTRATE JUDGE